# LEVIN-EPSTEIN & ASSOCIATES, P.C.

420 Lexington Avenue • Suite 2525 • New York, New York 10170
T: 212.792-0046 • E: Jason@levinepstein.com

March 9, 2020

<u>*Via Electronic Filing*</u>
The Honorable Judge Alison J. Nathan
U.S. District Court Southern District of New York
40 Foley Square
New York, New York 10007

      **Re:**  *De La Rosa v. Aspenly Co. LLC et al,*
            Case No.: 1:18-cv-03456

Dear Honorable Judge Nathan:

     This law firm represents Defendant Pure Green NYC 8th Street Corp (the "**Defendant**") in the above-referenced matter.

     Pursuant to Your Honor's Individual Motion Practice Rules 1(A), 1(D) and 1(E), this letter respectfully serves as an emergency request to reopen fact discovery.

     By way of background, Defendant initially engaged the services of Robert Anic of RPO, Inc. to provide expert witness services. On or around April 4, 2019, Mr. Anic visited the subject premises to, *inter alia*, investigate the allegations of the Complaint, and peer review the report and recommendation of Plaintiff's expert (Jimmy Zuehl). Mr. Anic presented his findings in the form of a written report, which Defendant produced on or around May 9, 2019.

     On Friday, March 6, 2020, the undersigned received an email from Defendant's expert witness, Mr. Anic, stating that he would be unable to testify at the upcoming trial – currently scheduled to begin on May 11, 2020 – because he is no longer employed at RPO Inc., and has relocated to the Hudson Valley.

     In light of Mr. Anic's unavailability, Defendant's respectfully request that fact discovery be reopened for the limited purpose of permitting Defendant to engage a new expert witness to prepare a report in order to testify at the upcoming trial.

     A court-ordered discovery schedule may be modified with the court's consent, for good cause shown. *See* Fed. R. Civ. P. 16(b)(4). Rule 16 does not set forth a definition of "good cause." However, any interpretation and application of Rule 16 must be consistent with Rule 1's mandate to "secure the just, speedy, and inexpensive determination of every action" and Rule 26's mandate to limit the extent of discovery when "the party seeking discovery has had ample opportunity to obtain the information" within the schedule set by the court. Fed. R. Civ. P. 1, 26(b)(2)(C). *City of Almaty, Kazahkstan, et al. v. Mukhtar Ablyazov, et al.*, No. 15-cv-05345 (AJN) (KHP) (S.D.N.Y. 2019).

     This consideration has also been applied in the context of motions to reopen discovery or permit certain discovery after expiration of a court-established deadline. *E.g., Moroughan v. Cty.*

*of Suffolk*, 320 F. Supp. 3d 511, 516–525 (E.D.N.Y. 2018). When determining whether to reopen discovery, courts in this circuit undertake a fact-intensive analysis and consider a wide variety of factors, including:

(1) [W]hether trial is imminent,
(2) whether the request is opposed,
(3) whether the non-moving party would be prejudiced,
(4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court,
(5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and
(6) the likelihood that the discovery will lead to relevant evidence.

*see generally Rubik's Brand Ltd. v. Flameau, Inc.*, No. 17-cv-6559 (PGG) (KHP), 2019 WL 257884 (S.D.N.Y. 2019) (extending deadline to serve expert reports).

First, the current scheduled trial commencement date of May 11, 2020, is months away, and the parties have not filed their Joint Pre-Trial Report. The additional proposed discovery will have no impact on the timing of the final resolution of this case.

Second, counsel for Plaintiff has not responded to the undersigned's email confirming whether they consent to the instant application.

Third, reopening discovery for the limited purpose of permitting Defendant to engage another expert witness will not prejudice Plaintiff. Plaintiff will have a full and fair opportunity to review Defendant's expert's findings, and attack those documents through rebuttal reports, and through motions *in limine* should this action proceed to trial.

As to the fourth factor, Defendant has exercised diligence to identify and obtain discovery throughout the prosecution of this action. Defendant issued requests for the production of documents and interrogatories in December of 2018, and timely responded to Plaintiff's requests that same time. The parties, jointly, requested a total of only two extensions of the discovery completion deadline – primarily in order to dedicate resources towards mediation. [*See* Dckt. No. 42]. Moreover, the undersigned informed the Court of this emergency issue immediately after being made aware of Mr. Anic's unavailability.

As to the fifth and sixth factors, Defendant will not seek additional discovery apart from a site survey at the subject premises, which is relevant to the ADA claims and Defendant's defenses related thereto.

In addition to the six factors listed above, the Court should also respectfully note that preclusion of discovery is a drastic remedy that should be used only in cases where a different remedy cannot be crafted to minimize any prejudice to the party opposing the discovery. *See, e.g., City of Almaty, Kazahkstan*, *supra* No. 15-cv-05345; *Torres v. Dematteo Salvage Co., Inc.*, No. 14-cv-774 (ADS) (AKT), 2016 WL 845326, at *6 (E.D.N.Y. 2016) (reopening discovery for a limited purpose, despite defendants' delay in disclosing expert witness); *Sci. Components Corp*.,

No. 03-cv-1851 (NGG) (RML), 2008 WL 4911440, at *4 (E.D.N.Y. 2008) (finding that precluding expert testimony would have been unduly harsh under the circumstances); *see generally Moroughan v. County of Suffolk*, 320 F. Supp. 3d 511, 525 (2018) (*citing Valentin v. Cty. of Suffolk*, 342 F. App'x 661, 662 (2d Cir. 2009) (summary order)).

In light of the foregoing, Defendant respectfully requests that fact discovery be reopened to, through and including, April 30, 2020, for the limited purpose of permitting Defendant to engage a new expert witness to prepare a report in order to testify at the upcoming trial.

Thank you, in advance, for your time and attention to this matter.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi, Esq.
420 Lexington Avenue, Suite 2525
New York, NY 10170
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Defendant Pure Green NYC 8th Street Corp.*

VIA ECF: All Counsel