# PARKER HANSKI LLC
40 WORTH STREET, 10TH FLOOR
NEW YORK, NEW YORK 10013
PHONE: 212.248.7400
FAX:      212.248.5600

March 11, 2020

*Via ECF*
The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Dedra De La Rosa v. Aspenly Co. LLC and Pure Green NYC 8th Street Corp;*
      Docket No. 1:18-cv-03456 (AJN)(GWG)

Dear Judge Nathan:

We represent the plaintiff in the above-referenced matter. Pursuant to Your Honor's Order of March 10, 2020, plaintiff writes to explain that the reason why the March 5, 2020 mediation was not held is solely because of defendant Pure Green NYC 8th Street Corp.'s ("defendant") refusal to attend. Additionally, plaintiff writes to respectfully request that the Court sanction defendant and its counsel for their refusal to attend the scheduled mediation.

On December 23, 2019 Your Honor referred plaintiff and defendant to mediation[1] through the Court-annexed Mediation Program. (Docket No. 76). On February 3, 2020, the mediator scheduled the mediation for March 5, 2020 at 9:30 a.m. at the Southern District. (See Exhibit "A" attached hereto.) Plaintiff was ready and desired to attend the mediation. But, at 4:18 p.m. on March 4, 2020, defendant's counsel notified the mediator and the SDNY mediation office that it "does not desire to proceed with tomorrow's mediation." Defense counsel gave a cryptic reason for its decision not to go forward with the mediation – "[i]n light of recent developments surrounding the filing of final pretrial materials in this matter". (See Exhibit "B" attached hereto.)

The mediator immediately informed defense counsel that they are required to appear unless they obtain an adjournment and further advised that if they file an adjournment request in the morning, he would attempt to reschedule the mediation. (See Exhibit "C" attached hereto.) Defendant, however, flat out refused, stating "[w]e will not be requesting an adjournment at this time." (See Exhibit "D" attached hereto.) Thereafter, the mediator advised defendant's counsel that he would "inform the Court of [defendant's] refusal to participate in the mediation session." (See Exhibit "E" attached hereto.) In response, and to seemingly blunt the impudence of their action, defense counsel gave a new excuse for their action – "[t]he parties are too far apart" and "[d]efendant does not believe a mediation will be productive." (See Exhibit "F" attached hereto.)

Because of the conduct of defendant and its counsel, plaintiff also respectfully requests that the Court sanction them, for two reasons. Firstly, the Court specifically Ordered defendant

---

[1] Plaintiff and Aspenly Co. LLC previously reached a settlement in principle as between them only. (Docket No. 68). Consequently Aspenly Co. LLC was excluded from the mediation referral Order. (Docket Nos. 76 and 82).

(and plaintiff) to attend mediation. Yet defendant and its counsel brazenly chose to violate the express Order. Secondly, despite being aware of the mediation date for an entire month, defendant and its counsel waited until the last minute to inform the mediator and plaintiff that they would not participate.  Doing so, defendant and its counsel also exhibited their utter disregard for plaintiff and plaintiff's counsel, time and efforts.  Worse yet, defendant and its counsel also showed their complete disregard for the mediator, and the SDNY's mediation program.  In addition to causing the mediator and the mediation office to unnecessarily expend time and effort, defendant and its counsel denied other litigants the opportunity to utilize the mediator for their litigation.

It is well established that a court may not require litigants to settle an action. *Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir. 1985). However, it is also well-established that a court may require parties to appear for a settlement conference or a mediation. *In re A.T. Reynolds & Sons, Inc.*, 452 B.R. 374, 384 (S.D.N.Y. 2011) citing John Lande, *Using Dispute System Design Methods to Promote Good–Faith Participation in Court–Connected Mediation Programs*, 50 UCLA L. Rev. 69, 84 (2002); *Seidel v. Bradberry*, 94 Civ. 0147, 1998 WL 386161 (N.D.Tex. July 7, 1998), at *3.

Fed. R. Civ. P. 16(f) authorizes the imposition of sanctions, if a party or its attorney fails to obey a scheduling or other pretrial order. *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002) (a court has inherent power to sanction "counsel or a litigant … for disobeying the court's orders"). Accordingly, it is entirely appropriate for a court to impose sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure if a party fails to attend a mediation.  *Seidel v. Bradberry*, 1998 WL 386161, at *3 (N.D.Tex. July 7, 1998) (imposing sanctions for failing to attend a court-ordered mediation); see, also., *Sosinsky v. Chase Manhattan Bank*, No. 99-CV-0043 (JGK), 1999 WL 675999, at *2 (S.D.N.Y. Aug. 31, 1999) (upholding magistrate judge's imposition of sanctions for failure to appear at settlement conference).

Appropriate sanctions pursuant to Rule 16(f) and the court's inherent sanctions power "include a fine payable to the Clerk of the Court." *Xu v. UMI Sushi, Inc.*, No. 15-CV-4710 (RJS), 2016 WL 3523736, at *4 (S.D.N.Y. June 21, 2016) (citing *Woo v. City of New York*, No. 93-CV-7007 (AJP) (HB), 1996 WL 284930, at *2 (S.D.N.Y. May 29, 1996).  Indeed, the Supreme Court has stated that "sanctions for violation of ... scheduling orders 'must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'"  *Miltope Corp. v. Hartford Cas. Ins. Co.*, 163 F.R.D. 191, 194 (S.D.N.Y. 1995) (quoting *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-764 (1980)).

For the reasons discussed above, plaintiff respectfully requests that the Court grant plaintiff's motion for sanctions and direct defendant and defendant's counsel to pay a fine to the Clerk of the Court in an amount to be determined by the Court.

Thank you for your time and attention to this matter.  With kindest regards, I am

      very truly yours,

      /s/
      Robert G. Hanski, Esq.