# PARKER HANSKI LLC

40 WORTH STREET, 10TH FLOOR
NEW YORK, NEW YORK 10013
PHONE: 212.248.7400
FAX:    212.248.5600
Contact@ParkerHanski.com

April 3, 2020

Via ECF
The Honorable Alison J. Nathan
United States District Judge
Southern District of New York

      Re:    *Dedra De La Rosa v. Aspenly Co. LLC and Pure Green NYC 8th Street Corp*

            **Docket No. 1:18-cv-03456 (AJN)(GWG)**

Dear Judge Nathan:

      We represent the plaintiff in the above-entitled action. Because defendants have made false representations to the Court and refuse to correct the misrepresentations, plaintiff is compelled to write this response to defendants' motion to extend time to complete fact discovery. At best, defendants' application should only be granted to the extent that it seeks an extension of time to complete expert discovery and provided that defendants serve plaintiff with their expert disclosure at least 30 days before the completion of expert discovery in order for plaintiff to have the ability to take a deposition of defendants' expert.

      Defendants' application requests an extension of the deadline to complete fact discovery from May 15 to July 15, 2020. But fact discovery closed almost a year ago on June 23, 2019. (See ECF Document #50). The parties never received any further extensions of fact discovery.

      Only recently, while the parties were preparing for trial, an issue arose concerning defendants' failure to serve plaintiff with Rule 26 compliant expert disclosures. This issue was referred to Magistrate Judge Gorenstein to resolve. On March 19, 2020, Magistrate Judge Gorenstein granted defendants permission to serve expert disclosures by April 17, 2020. (See ECF Document # 96). Thereafter, plaintiff made an application to provide plaintiff until May 15, 2020 to review defendant's April 17, 2020 expert disclosures with plaintiff's expert and to take the deposition of defendant's expert, which the Court granted on March 27, 2020. (See ECF Document #98).

      Accordingly, defendants' application to **extend fact discovery** is disingenuous and a brazen attempt to extend a deadline that does not exist.

      On April 2, 2020, defendants advised plaintiff that "my expert is unavailable due to the pandemic. We will be requesting a global 60 day extension of the discovery deadlines." Defendants forwarded a draft letter seeking an extension of fact discovery. Plaintiff responded and objected to the defendants' letter stating:

> The letter should be changed to reflect that it is seeking an extension of only expert discovery and not fact discovery.

> The letter can seek the extension until July 15, 2020 but the letter should identify that the deadline for the defendants to serve their expert report is June 15, 2020, which is similar to the previous deadline wherein defendants had until April 17 and plaintiff had time thereafter to review and decide if it desired to take an expert deposition of the defendant's expert witness.
> Please make these modifications and resend for review and approval

Instead of correcting their letter, defendants replied: "we do not agree to your proposed modifications" and then filed their application to extend fact discovery. To make matters worse, defendants falsely represented to the Court that the "basis of Plaintiff's counsel's objection is that did not wish to wait until July 15, 2020 for Defendant to complete discovery" (See ECF Document #99). Plaintiff never made such an objection and defendants misrepresented plaintiff's position in addition to misrepresenting the status of fact discovery.

Plaintiff immediately thereafter informed defendants of their misrepresentations and requested that they correct the record. Incredibly, defendants double-down and filed a supplemental letter (ECF Document #100) that contained even more misrepresentations than the previous letter because, contrary to defendants' letter, plaintiff neither consented to an extension of the fact discovery deadline nor consented to July 15, 2020 as a deadline to complete fact remaining discovery.

Based on the defendants' false representations combined with defendants' refusal to correct the falsity of their representations, defendants are deliberately misleading the Court.

Thank you for your time and attention to this matter.  With kindest regards, I am

very truly yours,

/s/
Glen H. Parker, Esq.