# PARKER HANSKI LLC

40 WORTH STREET, 10TH FLOOR
NEW YORK, NEW YORK 10013
PHONE: 212.248.7400
FAX:     212.248.5600
Contact@ParkerHanski.com

August 4, 2020

Via ECF
The Honorable Gabriel W. Gorenstein
United States Magistrate Judge
Southern District of New York

      **Re:**    *Dedra De La Rosa v. Pure Green NYC 8th Street Corp*

          **Docket No. 1:18-cv-03456 (AJN)(GWG)**

Dear Judge Gorenstein:

      We represent the plaintiff in the above-entitled action. We respectfully ask the Court to allow this letter to serve as plaintiff's response to defendant Pure Green NYC 8th Street Corp's motion "for an Order enlarging the fact discovery completion deadline" as requested in defendant's "Notice of Motion", ECF Document #116; and paragraph 2 of defense counsel Affirmation of Jason Mizrahi, Esq., ECF Document #118.

      Defendant's motion to enlarge the fact discovery completion deadline must be denied because the fact discovery deadline expired over a year ago on June 23, 2019. (See ECF Document #50). The parties never received any further extensions of fact discovery.

      Even if the Court reinterprets defendant's request to enlarge fact discovery as a request to enlarge expert discovery, the defendant's motion still fails.  And Under Fed. R. Civ. P. 6(b)(1), "the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). "Factors to be considered in evaluating excusable neglect include '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Silivanc v. Celebrity Cruises*, Inc., 333 F.3d 355, 366 (2d Cir. 2003)(alterations in original) (citation omitted).  Because factors one, two, and four above "usually weigh in favor of the party seeking the extension," the Second Circuit has "focused on the third factor: 'the reason for the delay, including whether it was within the reasonable control of the movant.'" *Id.* (citation omitted).

      The Second Circuit has taken a "hard line" in addressing this third factor, noting that "the equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule,'" and that "where 'the rule is entirely clear, ... a party claiming excusable neglect will, in the ordinary course, lose under the [above] test.'" *Silivanch*, 333 F.3d at 366-68 (first alteration in original) (citations omitted). "The burden of proving excusable neglect lies with the [movant]." *In re Enron Corp.*, 419 F.3d 115, 121 (2d Cir. 2005) (citation omitted).

Defendant has failed to demonstrate excusable neglect. On March 19, 2020, Your Honor granted defendant permission to make expert disclosures until April 17, 2020. (See ECF Document # 96). But defendant failed to make expert disclosures by the April 17th deadline. And Your Honor granted defendant a second chance to make expert disclosures and extended the deadline for expert disclosures to June 15, 2020. (See ECF Document # 102).

But defendant never served plaintiff with expert disclosures and the time to do so expired on June 15, 2020. At no time before June 15, 2020 did the defendant ever notify the Court or plaintiff of its inability to meet the extended expert disclosure deadline or make an application to extend the deadline. Defendant instead waited until the very last day and on June 15, 2020 filed a defective application to extend the deadline. (See ECF Document # 109).

Immediately thereafter, Your Honor issued an Order informing defendant that its application was defective because it failed to comply with Your Honor's Individual Practices. (See ECF Document # 110). Any diligent defendant would have immediately refiled a timely and compliant application. But defendant failed to make a timely and compliant application to extend on June 15, 2020.

Fatal to defendant's motion is the fact that defendant offers no excuse whatsoever to explain why it did not file a timely and compliant application on June 15, 2020. Defendant's weekly narrative provides no facts or reason for why it could not have made a timely application on June 15, 2020. The only reason conceivable is law office failure.

Law office failure, however, does not constitute excusable neglect. *See e.g. In re Enron Corp.*, 419 F.3d at 122 ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect,"); *In re Johns-Manville Corp.*, 2006 WL 1676392, at *3 (S.D.N.Y. June 14, 2006) (error in computing deadline "is an example of 'garden-variety attorney inattention' that fails to rise to excusable neglect" (citation omitted)), *aff'd*, 476 F.3d 118 (2d Cir. 2007); *In re Singer Co. N.V.*, 2002 WL 10452, at *3 (S.D.N.Y. Jan. 3, 2002) ("Although the Union's miscalculation as to the appropriate appeals deadline was in good faith and resulted in only one day's delay, not every minor error can or should be excused."); and *Silivanch*, 333 F.3d at 367 (district court abused its discretion in concluding that lawyer's reliance on another lawyer's erroneous calculation of filing deadline constituted excusable neglect). Indeed, "Courts are especially reluctant to find excusable neglect based upon attorney oversight where, as here, the deadline was 'crystal clear.'" *Doroz v. TECT Utica Corp.*, 2013 WL 5786641, at *4 (N.D.N.Y. Oct. 28, 2013). Accordingly, defendant fails to meet its burden of demonstrating excusable neglect and its motion must be denied.

Thank you for your time and attention to this matter. With kindest regards, I am

very truly yours,

/s/
Glen H. Parker, Esq.