USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/13/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Dedra De La Rosa,

        Plaintiff,

–v–

Pure Green NYC 8th Street Corp,

        Defendant.

18-cv-3456 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Pure Green NYC 8th Street Corp. moves to dismiss Dedra De La Rosa's claims for disability discrimination in a place of public accommodation. Dkt. No. 147. Pure Green contends that because it has permanently closed the juice bar that is the subject of the suit, De La Rosa's sole federal claim under the Americans with Disabilities Act is moot. Because only that claim is within the Court's original jurisdiction, Pure Green further contends that the Court lacks supplemental jurisdiction over De La Rosa's remaining state-law claims. De La Rosa does not oppose dismissal of the ADA claim and takes no position on dismissal of the remaining state-law claims.

    Title III of the ADA allows only injunctive relief, and so numerous courts have held that ADA claims are moot following a place of public accommodation's permanent closure. *See e.g.*, *Dunbar v. Empire Szechuan Noodle House Inc.*, No. 18-cv-9625, 2020 WL 2132339, at *3 (S.D.N.Y. May 5, 2020) ("It is well established that a private plaintiff suing under the ADA may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages. Where, as here, such redress is no longer possible, the ADA claim becomes moot, depriving the court of subject matter jurisdiction, and must be dismissed." (cleaned up)); *Thomas*

*v. Grunberg 77 LLC*, No. 15-cv-1925 (GBD) (BCM), 2017 WL 3225989, at *2 (S.D.N.Y. July 5, 2017), *report and recommendation adopted*, 2017 WL 3263141 (S.D.N.Y. July 28, 2017); *see also Brief v. Albert Einstein Coll. of Med.*, 423 F. App'x 88, 90 (2d Cir. 2011). De La Rosa's ADA claim is moot.

Ordinarily, 28 U.S.C. § 1367(a) permits a district court to continue to exercise supplemental jurisdiction over state-law claims after dismissal of all claims within its original jurisdiction. However, the Second Circuit has held that dismissal of all federal claims for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) bars the exercise of supplemental jurisdiction over related state-law claims. *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017). In such cases, the Second Circuit held, courts lack "a proper basis for original federal jurisdiction." *Id.* (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)); *see also* 28 U.S.C. § 1447(c) (requiring remand if a jurisdictional defect arises at any point following removal).

The Court has some concerns about whether the bright-line rule set forth in *Cohen* comports with the considerations of "judicial economy, convenience, fairness, and comity" underlying supplemental jurisdiction in cases like this one, where a federal claim becomes moot on the eve of trial. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003). *Cohen* appears not to have considered this situation. It is not obvious to this Court that the text of § 1367(a) forbids the exercise of supplemental jurisdiction so long as the district court had original jurisdiction over at least one claim at the time the suit was filed or removed. *Cf.* § 1367(b) (forbidding the exercise of supplemental jurisdiction over subsequently joined claims that would defeat complete diversity).

Nonetheless, *Cohen* is clear, and this Court must follow it. Because the Court lacks jurisdiction over De La Rosa's sole federal claim, it must dismiss the state-law claims too.

The Court therefore GRANTS Pure Green's motion to dismiss the action for lack of jurisdiction (Dkt. No. 147) and dismisses all claims without prejudice. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: April 13, 2021
      New York, New York

_____
ALISON J. NATHAN
United States District Judge